IN THE SUPREME COURT OF TENNESSEE
AT JACKSON

FILED

December 13, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

FOR PUBLICATION

Filed: December 13, 1999

| | | |
|---|---|---|
| CORETTA SCOTT KING, MARTIN LUTHER KING, III, BERNICE KING, DEXTER SCOTT KING, and YOLANDA KING, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | SHELBY CIRCUIT NO. W1999-00984-SC-S10-CV |
| v. | ) ) | |
| LOYD JOWERS, and other unknown co-conspirators, | ) ) ) | |
| Defendants, | ) ) | |
| and | ) ) | |
| MEMPHIS PUBLISHING COMPANY, | ) ) | |
| Intervenor. | ) | |

FOR PLAINTIFFS:

William F. Pepper
Memphis, Tennessee

Juliet Hill Akines
Memphis, Tennessee

FOR INTERVENOR:

Lucian T. Pera
Memphis, Tennessee

Kathy Laughter Laizure
Memphis, Tennessee

FOR DEFENDANTS:

Lewis K. Garrison, Sr.
Memphis, Tennessee

# O P I N I O N

Reversed, Trial Court
Order Vacated.

PER CURIAM

We granted the application for permission to appeal filed by Memphis Publishing Company,[1] doing business as *The Commercial Appeal* ("MPC"), to consider whether the trial court had authority to deny MPC access to jury selection in a trial ongoing in the Circuit Court of Shelby County. For the reasons discussed, we find that the trial court did not have authority to deny the newspaper access to voir dire, and we therefore vacate the order of the trial court denying MPC access to the voir dire and to the transcript of the voir dire proceedings.

The plaintiffs, Coretta Scott King, Martin Luther King, III, Bernice King, Dexter Scott King, and Yolanda King, the family of Dr. Martin Luther King, Jr., have brought a wrongful death suit against the defendant Loyd Jowers, one of a number of alleged conspirators in the assassination of Dr. King. The trial of the case began on November 15, 1999, in the Circuit Court of Shelby County. On that date, the trial court, apparently acting sua sponte, closed jury selection proceedings to the press. MPC intervened in the proceedings on that date to object to the closure. The trial court refused to allow access to voir dire, stating:

> This case is such that I feel that the jurors should be protected from public scrutiny and that the public shall not be aware of who they are. I don't want - and I'm going to assure them when we voir dire them that they will remain anonymous. And for that reason they will feel free to participate in the trial process. That's my ruling.

The next morning, MPC again appeared to present for entry an order denying its request for access and reflecting the court's granting of permission to file an interlocutory appeal. Because voir dire had been completed the preceding day, MPC requested that the trial court release the transcript of the proceedings, but the motion was denied.

MPC thereafter filed an application for permission to appeal pursuant to Tenn. R. App. P. 9 and 10, alternatively. On November 19, 1999, the Court of Appeals denied the application. On November 22, 1999, MPC filed an application

---

[1]Memphis Publishing Company publishes *The Commercial Appeal*, a daily newspaper of general circulation in Memphis, Tennessee and the surrounding area.

for permission to appeal pursuant to Tenn. R. App. 10 or 11, alternatively, in this Court. MPC also sought expedited review of the application. On November 24, 1999, this Court granted the application. We now reverse and vacate the trial court's order refusing MPC access to voir dire and the transcript of the voir dire proceedings.

The trial court relied upon Tennessee Supreme Court Rule 30 (Media Guidelines) to close the jury selection proceedings. It cited Rule 30(C)(2) which provides that "[m]edia coverage of jury selection is prohibited," and section (D)(2) which provides, in part, that

> [t]he presiding judge has the discretion to refuse, limit, terminate, or temporarily suspend, media coverage of an entire case or portions thereof, in order to (i) control the conduct of the proceedings before the court; (ii) maintain decorum and prevent distractions; (iii) guarantee the safety of any party, witness, or juror; and (iv) ensure the fair administration of justice in the pending cause.

What the trial judge overlooked, however, is that Rule 30 pertains to *broadcast and recording* media coverage of court proceedings. "Coverage" is specifically defined in the rule to mean "any recording or broadcasting of a court proceeding by the media using television, radio, photographic, or recording equipment." Supreme Court Rule 30(B)(1). In this case MPC sought to have its employees attend and report on the court proceedings. Rule 30 does not apply to print coverage. Because the request for access did not seek to record, photograph, or broadcast the proceedings, Rule 30 was inapplicable.

We have reviewed the appendix filed with the application for permission to appeal and can find no justification for the closing of jury selection proceedings in this trial proceeding. See State v. James, 902 S.W.2d 911, 914 (Tenn. 1995) (discussing closure of juvenile proceedings and holding that the court shall not close proceedings unless it determines that failure to do so would result in particularized prejudice to the party seeking closure that would override the public's compelling interest in open proceedings); State v. Drake, 701 S.W.2d

3

604, 608 (quoting Waller v. Georgia, 467 U.S. 39, 48, 104 S. Ct. 2210, 2216 (1984), and stating that before closure of a proceeding may occur, the party seeking to close the hearing must advance an overriding interest that is likely to be prejudiced).[2]   Accordingly, the orders of the Court of Appeals and trial court are reversed.  The order denying MPC access to voir dire and a transcript of voir dire is vacated.



PER CURIAM

---

[2] State v. Drake involved closure of pre-trial proceedings in a criminal trial; however, the United States Supreme Court has noted that "historically both civil and criminal trials have been presumptively open." Richmond Newspapers, Inc. v. Virginia, 448 U.S. 555, 580, n. 17, 100 S.Ct. 2814, 2829, n. 17 (1980).